```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      Richmond Division
```

CHMURA ECONOMICS
& ALALYTICS, LLC,

    Plaintiffs

v.                                           Civil Action No. 3:19cv813

RICHARD LOMBARDO,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO SEVER AND TRANSFER DEFENDANT/COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIM (ECF No. 69) filed by Richard Lombardo, defendant and counterclaim plaintiff. For the reasons set forth below, the MOTION TO SEVER AND TRANSFER DEFENDANT/COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIM (ECF No. 69) will be granted and Lombardo's counterclaim for relief under the Fair Labor Standards Act will be severed from this case, and the severed claim shall be transferred to the United States District Court for the Northern District of Ohio.

## BACKGROUND

On October 21, 2019, Churma Economics & Analytics, LLC ("Churma") filed this action against Richard Lombardo ("Lombardo"). In a one count Complaint, Churma alleged that Lombardo had threatened a material breach of the non-

competition/non-solicitation obligations of his employment contract by taking Churma's customers to a competitor. Churma asked for injunctive relief and an order of specific performance requiring Lombardo to abide by the terms of the non-solicitation and noncompete obligations in his contract. (Complaint, ECF No. 1).

On December 9, 2019, Churma filed its FIRST AMENDED COMPLAINT (ECF No. 12) which presented four counts. Count I is a claim for breach of contract; Count II is a prayer for Declaratory Judgment; Count III alleges a violation of the Defend Trade Secrets Act, 18 U.S.C. § 1839; and Count IV is a claim for common law conversion of a computer and trade secret information that was on that computer. By way of relief, Churma sought, in the FIRST AMENDED COMPLAINT: (1) a declaration that its contract with Lombardo was valid and enforceable; (2) an order of injunction enjoining Lombardo from: (a) providing any competing services for the contractually specified period; (b) soliciting customers of Churma's for the contractually specified period; and (c) from using Churma's confidential information; (3) an Order requiring Lombardo to return the laptop and confidential trade secret information; and (4) a request for attorneys fees and costs.

On December 23, 2019, Lombardo filed his Answer (ECF No. 18). He also filed the DEFENDANT RICHARD A. LOMBARDO'S COUNTERCLAIM

2

AGAINST PLAINTIFF CHURMA ECONOMICS & ANALYTICS, LLC (ECF No. 19). In the Counterclaim, Lombardo alleged that Churma had violated the Fair Labor Standards Act and also asserted certain pendent state law claims related thereto. At a status conference on June 3, 2020, counsel for Lombardo was asked whether she would be interested in severing the Counterclaim for purposes of both discovery and trial. Counsel for Lombardo expressly declined that invitation, reciting that she and Lombardo had made a conscious decision to file the counterclaim here and to have it tried as a part of this case.

Thereafter, a collective and class action, alleging violations of the FLSA, was filed against Churma in the United States District Court of the Northern District of Ohio.[1] Lombardo, who is an Ohio citizen, working in Ohio for Churma, is clearly within the collective class. In the collective action, claims are made that directly parallel the FLSA claims made by Lombardo here.

## DISCUSSION

Fed. R. Civ. P. 42 permits a court to order severance "[f]or convenience, to avoid prejudice, or to expedite and economize"

---

[1] <u>Thomas Wilson, Individually and On Behalf of All Others Similarly Situated v. Churma Economics & Analytics, LLC</u>, Case No. 1:20cv01971.

trial "of one or more separate issues, claims, crossclaims [or counterclaims]." Fed. R. Civ. P. 42(b). Whether to grant severance ordinarily calls into play an analysis of several issues: (1) whether the issues are significantly different from one another in the two cases; (2) whether the severable issues require different witnesses and documentary proof; (3) any prejudice to the non-moving party if the motion is granted; and (4) any prejudice to the moving party if the motion is denied. See RAI Strategic Holidings, Inc. v. Altria Client Servs., LLC, 2020 WL 6882646, at *2 (E.D. Va. Sept. 3, 2020).

However, as Churma points out, Lombardo's motion is, in essence, a request for a transfer of venue that, to be successful, requires a severance. Both Lombardo and Churma have briefed the issue as a motion for change of venue.

Churma asserts three grounds in opposition to the motion. First, Churma contends that Lombardo waived his right to have this counterclaim transferred to Ohio because he filed it here and deliberately so. Second, Churma says that Lombardo has not shown any change of circumstances that would warrant a change of forum here. Lastly, Churma says that the factors for analysis under 28 U.S.C. § 1404(a) weigh against transferring to Ohio.

4

A. The Waiver Issue

Churma presents an appealing argument in favor of waiver. However, the filing of the FLSA counterclaim in this case does not, standing alone, constitute a waiver where, as here, subsequent developments provide a basis for transfer to another forum. The same is true when assessing the importance of Lombardo's refusal to entertain a severance at the June 3 status conference. That is because circumstances have changed since the counterclaim was filed and the June 3 conference was held.

B. Change in Circumstances

As a general proposition, a plaintiff seeking to transfer venue is obligated to prove that the proposed forum is more convenient and that the forum should be other than the one that the counterclaim plaintiff selected. Regency Photo & Video, Inc. v. American Online, Inc., 214 F. Supp.2d 568, 573 (E.D. Va. 2002). Under the circumstances presented here, courts typically require the moving party to show that circumstances have changed since the filing of the suit. Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc., 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003); Orrell v. Motorcarparts of Am., Inc., 2007 WL 895503, at *4 (W.D.N.C. Mar. 22, 2007).

Lombardo bases his request for severance and transfer to the Northern District of Ohio entirely upon a change of circumstances

5

between the time that he filed his Counterclaim here and the filing of the motion to sever and transfer. The change in circumstance is that a collective action was filed in Ohio by another Churma employee (Thomas Wilson) who had the same job duties as did Lombardo and who also was allegedly misclassified as exempt by Churma.[2] Relatedly, the District Court in the Northern District of Ohio, with the agreement of Churma, has certified a collective action.

It is alleged, and it appears to be the case, that the collective action and Lombardo's FLSA's counterclaim are based essentially on the same set of facts and it appears that largely the same witnesses will testify, at least on behalf of Churma. Further, Lombardo represents:

> If the Court transfers the FLSA Case, it would be transferred in its current procedural posture. Accordingly, discovery is complete, summary judgment on the FLSA case is fully briefed and ready for submission. While it is possible that the Northern District of Ohio may require new briefing or reopen discovery, it is not Mr. Lombardo that would make that request. Just like Churma, Mr. Lombardo does not warrant to incur the expense or inconvenience of additional discovery or redrafting the motion for summary judgment. Simply put, Mr. Lombardo is not seeking to refile his claim, but rather have it transferred as is.

---

[2] Also, another individual, Austen Steele, who allegedly had the same job duties as Wilson and Lombardo was also allegedly misclassified has he filed suit in Ohio.

6

REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND TRANSFER DEFENDANT/COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIM (ECF No. 80, pp. 10-11. <u>See</u> <u>also</u> page 5 for similar representation.

The filing of similar cases in Ohio and the establishment of a collective class action for what amount to essentially the same claims does, indeed, represent a change of circumstances. The question is whether that change of circumstance warrants severing Lombardo's counterclaim and transferring it to the Northern District of Ohio.

A dispassionate analysis of the factual situation and the legal posture of this case and the Ohio cases teaches that judicial efficiency and economy, as well as avoiding the risk of inconsistent judgments on essentially the same facts and legal issues, drive the analysis here. To achieve both ends, it is appropriate to sever and transfer Lombardo's counterclaim to the United States District Court for the Northern District of Ohio.

The real issue is whether Churma will be prejudiced by transfer. Churma rightly argues that the case here is ready for trial because discovery has ended. And, Churma wishes to avoid further trial preparation expense. If Lombardo is to be taken at his word, he too wishes to avoid further expense and further litigation. And, in recognition thereof he has represented that, if the case is transferred, it should be transferred in its current

posture and that no further discovery should be had as to his FLSA claim. Lombardo also represents that the extant motion for summary judgment should be heard by the Ohio court, using the extant briefs.

In sum, the prejudice to Churma can be minimized, if not eliminated entirely, by holding Lombardo to the representations he has made to secure severance and transfer. That can be done by having Churma's summary judgment heard as it is now presented and by requiring Lombardo to forgo any further discovery upon transfer.

### C. The § 1404(a) Argument

The standard § 1404(a) analysis does not produce a different result.

To begin, there is no dispute that the FLSA claim could originally have been brought in Ohio. Second, Lombardo chose this forum for his counterclaim only because Churma first chose to sue him here. So the first § 1404(a) factor – choice of forum – is of little import in the analysis. Nor does the convenience of the witnesses factor weigh heavily for or against transfer. That is because, as Churma points out, the same number of witnesses would have to travel to trial of the FLSA claim whether it is tried here or in Ohio. The interest of justice factor actually drives the result in this case. It is in the interest of justice that the FLSA cases arising out of the same facts and governed by the same

8

law be tried in one court. In this case, contrary to Churma's view, there is a real risk of inconsistent judgments if this case and the Ohio case proceed to trial simultaneously. Considering that risk in perspective of the overlapping factual and legal issues, the interest of justice counsels severance and transfer as Lombardo urges.[3]

## CONCLUSION

For the foregoing reasons, the MOTION TO SEVER AND TRANSFER DEFENDANT/COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIM (ECF No. 69) is granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 18, 2020

---

[3] Churma argues that it will be prejudiced by the delay that would attend transfer. However, because of COVID-19, this Court will not be conducting civil trials for some indeterminate time. Thus, there is no real predicate for Churma's claim of prejudice.